**EXHIBIT "A"**
**TO**
**NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT**

# CIVIL COVER SHEET

THE CIVIL COVER SHEET AND THE INFORMATION CONTAINED HEREIN NEITHER REPLACE NOR SUPPLEMENT THE FILING AND SERVICE OF PLEADINGS OR OTHER PAPERS AS REQUIRED BY LAW.  THIS FORM IS REQUIRED FOR THE USE OF THE CLERK OF THE COURT FOR THIS PURPOSE OF REPORTING JUDICIAL WORKLOAD DATA PURSUANT TO SECTION 25.075, FLORIDA STATUTES.

## I.  CASE STYLE:

IN THE CIRCUIT COURT OF THE FOURTEENTH JUDICIAL CIRCUIT IN AND FOR BAY COUNTY, FLORIDA. CIVIL DIVISION.

BAY HOSPITAL, INC., D/B/A GULF COAST MEDICAL CENTER,
        Plaintiff,

vs.

CASE NO.:



12-2370 CA

SANDION, LTD, D/B/A COLDWELL BANKER UNITED, GROUP & PENSION ADMINISTRATORS, INC.,
        Defendant(s).

## II.  TYPE OF CASE (If the case fits more than one type of case, select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x in both the main category and subcategory boxes.

- Condominium
- [X] Contracts and indebtedness
- Eminent domain
- Auto negligence
- Negligence—other
  - Business governance
  - Business torts
  - Environmental/Toxic tort
  - Third party indemnification
  - Construction defect
  - Mass tort
  - Negligent security
  - Nursing home negligence
  - Premises liability—commercial
  - Premises liability—residential
  - Products liability
- Real property/Mortgage foreclosure
  - Commercial foreclosure $0 - $50,000
  - Commercial foreclosure $50,001 - $249,999
  - Commercial foreclosure $250,000 or more
  - Homestead residential foreclosure $0 - $50,000

- Homestead residential foreclosure $50,001 - $249,999
- Homestead residential foreclosure $250,000 or more
- Nonhomestead residential foreclosure $0 - $50,000
- Nonhomestead residential foreclosure $50,001 - $249,999
- Nonhomestead residential foreclosure $250,000 or more
- Other real property actions $0 - $50,000
- Other real property actions $50,001 - $249,999
- Other real property actions $250,000 or more
- Professional malpractice
  - Malpractice—business
  - Malpractice—medical
  - Malpractice—other professional
- Other
- Antitrust/Trade regulation
- Business transactions
- Constitutional challenge—statute or ordinance
- Constitutional challenge—proposed amendment
- Corporate trusts

| | |
|---|---|
| ⌷ Discrimination—employment or other | ⌷ Shareholder derivative action |
| ⌷ Insurance claims | ⌷ Securities litigation |
| ⌷ Intellectual property | ⌷ Trade secrets |
| ⌷ Libel/Slander | ⌷ Trust litigation |

**III.** **REMEDIES SOUGHT** (check all that apply):
☒ monetary;
☐ nonmonetary declaratory or injunctive relief;
☐ punitive

**IV.** **NUMBER OF CAUSES OF ACTION**: [_____]
(specify): _____
_____

**V.** **IS THIS CASE A CLASS ACTION LAWSUIT?**
☐ yes
☒ no

**VI.** **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
☒ no
☐ yes If "yes," list all related cases by name, case number, and court.

**VII.** **IS JURY TRIAL DEMANDED IN COMPLAINT?**     ☐ yes     ☒ no.

        **I CERTIFY** that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief.

November 19, 2012

                                SIGNATURE OF ATTORNEY FOR PARTY
                                INITIATING ACTION.

                                Bacen & Jordan, P.A.
                                4801 S. University Dr., Ste. 3100
                                Davie, Florida 33328-3844
                                Tel. No.: (954)961-5544
                                Fax. No.: (954)986-9751

                                _____
                                Joseph W. May, Esquire
                                Florida Bar No.: 0779237
                                Email1: joseph@bacenjordan.com
                                Email2: MaryAnn@bacenjordan.com

JWM/mat; OFN: 20121106

IN THE CIRCUIT COURT OF THE
FOURTEENTH JUDICIAL CIRCUIT IN
AND FOR BAY COUNTY, FLORIDA.
CIVIL DIVISION.

BAY HOSPITAL, INC., D/B/A GULF
COAST MEDICAL CENTER,
          Plaintiff,

vs.
                                CASE NO.:

SANDION, LTD, D/B/A COLDWELL
BANKER UNITED, and GROUP &
PENSION ADMINISTRATORS, INC.,
          Defendant(s).
_____/

2012 NOV 26  P 1:31
BILL KINSAUL
CLERK OF COURT
BAY COUNTY, FLORIDA
FILED

## COMPLAINT FOR DAMAGES

    **COMES NOW**, Plaintiff, Gulf Coast Medical Center, by and through its undersigned attorney and sues the Defendant(s), Sandion, Ltd, d/b/a Coldwell Banker United, and, in the alternative, Group & Pension Administrators, Inc, for money damages.  As grounds therefore and in support thereof Plaintiff states as follows:

## GENERAL ALLEGATIONS

1.    This is an action for damages in the principal amount of $4,974.59, which is within the jurisdictional amount of this forum as of the date the cause of action(s) set forth below accrued.

2.    Plaintiff, Gulf Coast Medical Center, hereinafter referred to as either HOSPITAL or PLAINTIFF, is a Florida corporation licensed to do business and doing business in the State of Florida and otherwise sui juris.

3.    HOSPITAL is the assignee and holder in due course of the claim(s) set forth herein.

4.    Defendant, Sandion, Ltd, d/b/a Coldwell Banker United, is a foreign corporation licensed to do business and doing business in the State of Florida and otherwise sui

juris.

5.    Defendant, Group & Pension Administrators, Inc., is a foreign corporation licensed to do business and doing business in the State of Florida and otherwise sui juris.

6.    At all times material hereto a group insurance or administrative agreement existed between Sandion, Ltd, d/b/a Coldwell Banker United  and Group & Pension Administrators, Inc. wherein heath insurance benefits were in effect at the time of, applicable to and payable on the admission here at issue by one party to the contract or the other.  A copy of the administrative agreement or contract is not within HOSPITAL's possession or control.  Upon information and belief, both Sandion,Ltd,d/b/a Coldwell Banker U and Group & Pension Administrators, Inc have within their respective care, custody and/or control copies of the contract here at issue or a substantially similar sample of the type of contract in effect at the time and place here at issue.  HOSPITAL shall request copies of said documents through discovery pursuant to the Rules of Civil Procedure.

7.    At all times material hereto, the patient here at issue was covered by a healthcare policy, plan, agreement or other such contract document offered or sponsored by either Sandion, Ltd, d/b/a Coldwell Banker United or Group & Pension Administrators, Inc. as an insured, beneficiary, subscriber or some such other category as an insured person or a covered dependent thereof.

8.    Plaintiff pleads in the alternative against Sandion, Ltd,d/b/a Coldwell Banker United and Group & Pension Administrators, Inc. in that one or the other is the proper party payor under the network healthcare series of contracts and others the "INSURER" of the admission here at issue.  To that extent, HOSPITAL's reference hereinafter to the INSURER means either Sandion, Ltd,d/b/a Coldwell Banker United or Group & Pension Administrators, Inc.

9.    The patient account(s) at issue is/are noted more fully in the itemized bill(s), insurance claim form(s) and/or spreadsheet(s) attached hereto as EXHIBIT "I".  In compliance with the Health Insurance Portability and Accountability Act of 1996 (HIPAA), the patient name(s) and other identifying characteristics have been omitted deliberately from the itemized bill(s), insurance claim form(s) and/or spreadsheets.  Nonetheless, upon appearance by counsel for Defendant or upon

request from Defendant the unedited full version of the itemized bill(s), insurance claim form(s) and/or spreadsheet(s) will be provided by counsel for Plaintiff to Defendant or its counsel forthwith.  Subsequent hereto, the patient(s) included in the itemized bill(s), insurance claim form(s) and/or spreadsheets is/are collectively referred to as "PATIENT".

10.   PATIENT presented to HOSPITAL's facility for examination and medical treatment.

11.   PATIENT was admitted to HOSPITAL's facility for examination and treatment.

12.   PATIENT was examined and treated in HOSPITAL's facility.

13.   PATIENT was discharged from HOSPITAL's facility.

14.   PATIENT, as a result of the hospital admission(s) here at issue, incurred a bill.  See **EXHIBIT "I"**.

15.   The medical services rendered and medical supplies provided by HOSPITAL to PATIENT were medically necessary.

16.   The charges for the medical services rendered and medical supplies provided by HOSPITAL to PATIENT were usual and customary.

17.   The medical services rendered and medical supplies and medications provided by HOSPITAL were covered services, supplies and medications under the healthcare insurance coverage here at issue.

18.   The admission and/or discharge date(s) for the admission(s) at issue are as follows: See **EXHIBIT "I"**.

19.   All conditions precedent to bringing this action have occurred, been waived or performed or are otherwise futile.

## COUNT I - BREACH OF CONTRACT
## (THE INSURANCE POLICY)

20.   HOSPITAL reavers the paragraphs contained in the GENERAL ALLEGATIONS above as if set forth fully herein and further states as follows:

21.   On or before the admission date(s) here at issue, INSURER did contract to provide health insurance coverage to PATIENT.

22.   All premiums which were due and owing for the periods here at issue up to and including PATIENT's discharge date had been timely paid.

23.   At the time PATIENT was admitted to HOSPITAL's facility, PATIENT was an

insured or covered dependent of INSURER's health insurance plan.  A copy of the insurance contract and/or policy is not within HOSPITAL's possession or control. Upon information and belief, INSURER has within its care, custody and/or control copies of the contract and/or policy here at issue or a substantially similar sample of the type of contract and/or policy(s) in effect at the time and place here at issue. HOSPITAL shall request copies of said documents through discovery generally and request for production of documents particularly as provided by the Florida Rules of Civil Procedure.

24.     At all times material hereto HOSPITAL was not a contract provider for INSURER.

25.     An assignment of benefits authorizing HOSPITAL to seek payment from PATIENT's insurance company, INSURER herein, was executed by PATIENT or PATIENT's legal representative.  A copy of the assignment is attached hereto and incorporated herein by reference as **Exhibit "II"** to HOSPITAL's Complaint.

26.     HOSPITAL contacted INSURER to obtain an admission certification from INSURER for the admission(s) here at issue.

27.     HOSPITAL did obtain an admission certification from INSURER's representative.

28.     HOSPITAL submitted its claim for payment to INSURER for the services HOSPITAL had rendered to PATIENT.

29.     HOSPITAL requested payment of the outstanding balance from the INSURER.

30.     HOSPITAL's claim for payment from INSURER for hospital services rendered and supplies provided to the PATIENT was timely submitted.

31.     HOSPITAL's claim for payment from INSURER for hospital services rendered and supplies provided to the PATIENT was properly submitted.

32.     There remains an unpaid outstanding balance on PATIENT's account(s) in the principal sum of $4,974.59.

33.     INSURER is obligated to pay the unpaid portion of PATIENT's account.

34.     INSURER has failed and refused to make payments set forth in HOSPITAL's claim on PATIENT's account.

35.     INSURER'S failure or refusal to pay HOSPITAL's claims constitutes a breach of the contract(s) here at issue.

36.     HOSPITAL has been damaged as a result of INSURER'S breach of the contract(s)

here at issue.

37.     HOSPITAL has been forced to retain counsel to represent him in this matter and has agreed to pay counsel a reasonable fee.

**WHEREFORE**, HOSPITAL, demands judgment in its favor and against INSURER in the principal sum of $4,974.59, together with interest thereon as well as court costs and reasonable attorneys fees as provided by the patient policy, Section 627.428 or Section 641.28, Florida Statutes, and such other further relief this Court deems just and proper.

## COUNT II - THIRD PARTY BENEFICIARY TO A CONTRACT
## (THE INSURANCE POLICY)

38.     HOSPITAL reavers the paragraphs contained in the GENERAL ALLEGATIONS above as if set forth fully herein and further states as follows:

39.     HOSPITAL pleads this count in the alternative to the breach of contract count set forth elsewhere herein.

40.     On or before the PATIENT's admission(s) here at issue, INSURER did contract to provide health care coverage to PATIENT.

41.     All premiums which were due and owing for the periods here at issue up to and including PATIENT's discharge date had been timely paid.

42.     It was the intent of the parties that the contract primarily and directly benefit health care providers as a class of which HOSPITAL is a member.

43.     HOSPITAL is a third party beneficiary to the INSURER-PATIENT contract allowing HOSPITAL to bring this action against INSURER.

44.     At the time PATIENT was admitted to HOSPITAL's facility, PATIENT was an insured or covered dependent of INSURER's health insurance plan. A copy of the insurance contract and/or policy is not within HOSPITAL's possession or control. Upon information and belief, INSURER has within its care, custody and/or control copies of the contract and/or policy here at issue or a substantially similar sample of the type of contract and/or policy(s) in effect at the time and place here at issue. HOSPITAL shall request copies of said documents through discovery generally and request for production of documents particularly as provided by the Florida Rules of Civil Procedure.

45. HOSPITAL contacted INSURER to obtain an admission certification from INSURER for the admission(s) here at issue.

46. HOSPITAL did obtain an admission certification from INSURER's representative.

47. HOSPITAL requested assurance of full payment.

48. INSURER's agents or representatives assured HOSPITAL of full payment in each instance.

49. HOSPITAL relied on INSURER'S assurances of full payment.

50. PATIENT was examined and treated in HOSPITAL's facility.

51. HOSPITAL submitted its claim for payment to INSURER for the services HOSPITAL had rendered to PATIENT.

52. HOSPITAL requested payment of the outstanding balance from the INSURER.

53. HOSPITAL's claim for payment from INSURER for hospital services rendered and supplies provided to the PATIENT was timely submitted.

54. HOSPITAL's claim for payment from INSURER for hospital services rendered and supplies provided to the PATIENT was properly submitted.

55. There remains an unpaid outstanding balance on PATIENT's account(s) in the principal sum of $4,974.59.

56. INSURER is obligated to pay the unpaid principal on PATIENT's account.

57. INSURER has failed and refused to pay the principal sum set forth in HOSPITAL's claim.

58. INSURER's failure or refusal to pay HOSPITAL's claims constitutes a breach of the third party beneficiary agreement here at issue.

59. HOSPITAL has been damaged as a result of INSURER'S breach of the third party beneficiary contract here at issue.

60. HOSPITAL has been forced to retain counsel to represent him in this matter and has agreed to pay counsel a reasonable fee.

\WHEREFORE, HOSPITAL, demands judgment in its favor and against INSURER in the principal sum of $4,974.59, together with interest thereon as well as court costs and reasonable attorneys fees as provided by the patient policy, Section 627.428 or Section 641.28, Florida Statutes, and such other further relief this Court deems just and proper.

## COUNT III - PROMISSORY ESTOPPEL - INSURER

61.   HOSPITAL reavers the paragraphs contained in the GENERAL ALLEGATIONS above as if set forth fully herein and further states as follows:

62.   HOSPITAL pleads this count in the alternative to the breach of contract count set forth elsewhere herein.

63.   On or before the date(s) here at issue, INSURER did contract to provide health insurance coverage to PATIENT.

64.   All premiums which were due and owing for the periods here at issue up to and including PATIENT's discharge date had been timely paid.

65.   At the time PATIENT was admitted to HOSPITAL's facility, PATIENT was an insured or covered dependent of INSURER's health insurance plan.  A copy of the insurance contract and/or policy is not within HOSPITAL's possession or control. Upon information and belief, INSURER has within its care, custody and/or control copies of the contract and/or policy here at issue or a substantially similar sample of the type of contract and/or policy(s) in effect at the time and place here at issue. HOSPITAL shall request copies of said documents through discovery generally and request for production of documents particularly as provided by the Florida Rules of Civil Procedure.

66.   HOSPITAL contacted INSURER to obtain an admission certification from INSURER for the admission(s) here at issue.

67.   HOSPITAL did obtain an admission certification from INSURER's representative.

68.   HOSPITAL requested assurance of full payment.

69.   INSURER's representative assured HOSPITAL of full payment.

70.   HOSPITAL relied on INSURER's assurance of full payment.

71.   HOSPITAL submitted its claim for payment to INSURER for the services HOSPITAL had rendered to PATIENT.

72.   HOSPITAL requested payment of the outstanding balance from the INSURER.

73.   HOSPITAL's claim for payment from INSURER for hospital services rendered and supplies provided to the PATIENT was timely submitted.

74.  HOSPITAL's claim for payment from INSURER for hospital services rendered and supplies provided to the PATIENT was properly submitted.

75.  There remains an unpaid outstanding balance on PATIENT's account(s) in the principal sum of $4,974.59.

76.  INSURER is obligated to pay the unpaid portion of PATIENT's account.

77.  INSURER, has failed and refused to make payment of the principal sum set forth in HOSPITAL's claim on PATIENT's account.

78.  INSURER's failure or refusal to pay the outstanding amounts is contrary to its position at the time of PATIENT's admission certification.

79.  HOSPITAL's position has changed to its detriment in reliance on DEFENDANT's promise to pay as follows:

   a.  HOSPITAL has provided services and supplies for which HOSPITAL has not been compensated.

   b.  HOSPITAL has been force to retain the services of legal representation to pursue its claim for compensation.

   c.  HOSPITAL has incurred additional expenses and costs associated with this cause of action.

   d.  HOSPITAL did not require payment of some or all expected expenses in advance of PATIENT's admission from PATIENT, PATIENT's family members or other responsible parties.

   e.  HOSPITAL did not require in advance of PATIENT's admission personal guaranties of payment from PATIENT, PATIENT family members or other responsible parties.

80.  HOSPITAL has been damaged as a result of INSURER'S failure or refusal to pay as agreed on the claim(s) here at issue.

81.  HOSPITAL has been forced to retain counsel to represent him in this matter and has agreed to pay counsel a reasonable fee.

   **WHEREFORE**, HOSPITAL, demands judgment in its favor and against INSURER in the principal sum of $4,974.59, together with interest thereon as well as court costs and reasonable attorneys fees as provided by the patient policy, Section 627.428 or Section

641.28, Florida Statutes, and such other further relief this Court deems just and proper.

Respectfully submitted this 21 st day of November, 20 12.

Bacen & Jordan, P.A.
4801 S. University Dr., Ste. 3100
Davie, FL 33328-3844
Tel. No.: (954)961-5544
Fax. No.: (954)986-9751

Joseph W. May, Esquire
Florida Bar No.: 0779237
joseph@bacenjordan.com
Email1: joseph@bacenjordan.com
Email2: MaryAnn@bacenjordan.com

JWM/mat; OFN: 20121106

# EXHIBIT I

| GULF COAST MEDICAL CTR | GULF COAST MEDICAL CTR | | a. PAT. CNTL # 101619884 | | 4 TYPE OF BILL |
|---|---|---|---|---|---|
| 449 WEST 23RD STREET | PO BOX 402955 | | b. MED. REC. # 000000269913 | | 0131 |
| PANAMA CITY FL 32405-4507 | ATLANTA GA 30384-2955 | | 5 FED. TAX NO. 0096 | 6 STATEMENT COVERS PERIOD FROM   THROUGH | 7 |
| 8507477915 9046887227 | | | | 620976863 013111 013111 | |

| 8 PATIENT NAME | a | | 9 PATIENT ADDRESS | a | | | | b | | c | | d | | e |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

| 10 BIRTHDATE | 11 SEX | 12 DATE | ADMISSION 13 HR 14 TYPE 15 SRC | 16 DHR | 17 STAT | 18 | 19 | 20 | 21 | CONDITION CODES 22 23 24 25 | | | | | 26 | 27 | 28 | 29 ACDT STATE | 30 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | 131110 | 3  2  10 | | 01 | | | | | | | | | | | | | | |

| 31 OCCURRENCE CODE   DATE | 32 OCCURRENCE CODE   DATE | 33 OCCURRENCE CODE   DATE | 34 OCCURRENCE CODE   DATE | 35 CODE | OCCURRENCE SPAN FROM   THROUGH | 36 CODE | OCCURRENCE SPAN FROM   THROUGH | 37 |
|---|---|---|---|---|---|---|---|---|
| 11 013111 | A1 011676 | A2 100109 | | | | | | |

GROUP  PENSION ADMINISTR
PO BOX 749075
DALLAS TX 75374-9075

| 38 | | 39 CODE | VALUE CODES AMOUNT | 40 CODE | VALUE CODES AMOUNT | 41 CODE | VALUE CODES AMOUNT |
|---|---|---|---|---|---|---|---|
| | a | A3 | 5295 00 | | | | |
| | b | | | | | | |
| | c | | | | | | |
| | d | | | | | | |

| 42 REV. CD. | 43 DESCRIPTION | 44 HCPCS / RATE / HIPPS CODE | 45 SERV. DATE | 46 SERV. UNITS | 47 TOTAL CHARGES | 48 NON-COVERED CHARGES | 49 |
|---|---|---|---|---|---|---|---|
| 1 | | | 013111 | 1 | 69500 | | |
| 2 | | | 013111 | 1 | 437400 | | |
| 3 | | | 013111 | 1 | 22600 | | |
| 4 | | | | | | | |
| 5 | | | | | | | |
| 6 | | | | | | | |
| 7 | | | | | | | |
| 8 | | | | | | | |
| 9 | | | | | | | |
| 10 | | | | | | | |
| 11 | | | | | | | |
| 12 | | | | | | | |
| 13 | | | | | | | |
| 14 | | | | | | | |
| 15 | | | | | | | |
| 16 | | | | | | | |
| 17 | | | | | | | |
| 18 | | | | | | | |
| 19 | | | | | | | |
| 20 | | | | | | | |
| 22 | 0001 | PAGE 1 OF 1 | CREATION DATE 020711 | TOTALS | 529500 | | |

| 50 PAYER NAME | 51 HEALTH PLAN ID | 52 REL INFO | 53 ASG BEN. | 54 PRIOR PAYMENTS | 55 EST. AMOUNT DUE | 56 NPI 1699721589 |
|---|---|---|---|---|---|---|
| A GROUP  PENSION ADMINIST | 999990000 | Y | Y | 0 0 | 5295 00 | 57 OTHER 620976863 |
| B | | | | | | PRV ID |
| C | | | | | | |

| 58 INSURED'S NAME | 59 P. REL | 60 INSURED'S UNIQUE ID | 61 GROUP NAME | 62 INSURANCE GROUP NO. |
|---|---|---|---|---|
| A | 18 | | UNKNOWN | |
| B | | | | |
| C | | | | |

| 63 TREATMENT AUTHORIZATION CODES | 64 DOCUMENT CONTROL NUMBER | 65 EMPLOYER NAME |
|---|---|---|
| A NRO | | COLDWELL BANKER |
| B | | |
| C | | |

| 66 DX | | | | | | | | 67 | | | | | | 68 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

| 69 ADMIT DX | 70 PATIENT REASON DX | a b c | 71 PPS CODE | 72 ECI | | |
|---|---|---|---|---|---|---|

| 74 | PRINCIPAL PROCEDURE CODE   DATE | a. OTHER PROCEDURE CODE   DATE | b. OTHER PROCEDURE CODE   DATE | 75 | 76 ATTENDING NPI 1952349912 | QUAL 0B | FLME00773 |
|---|---|---|---|---|---|---|---|
| | | | | | LAST ULLMANN | FIRST M T | |
| | c. OTHER PROCEDURE CODE   DATE | d. OTHER PROCEDURE CODE   DATE | e. OTHER PROCEDURE CODE   DATE | | 77 OPERATING NPI | QUAL | |
| | | | | | LAST | FIRST | |
| 80 REMARKS | | 81 CC a B3282N00000X | | 78 OTHER NPI | QUAL | |
| | | b B2S | | LAST | FIRST | |
| | | c | | 79 OTHER NPI | QUAL | |
| | | d | | LAST | FIRST | |

| UB-04 CMS-1450 | APPROVED OMB NO. 0938-0997 | Printed on Recycled Paper | NUBC LIC9810505 | THE CERTIFICATIONS ON THE REVERSE APPLY TO THIS BILL AND ARE MADE A PART HEREOF. |
|---|---|---|---|---|

SSI 00098 PAPER

EXHIBIT II

101619884
E000269913
E.RADNM
01/31/2011
ULLMANN, M T.
ULLMANN

GULF COAST MEDICAL CENTER



### Consent for Outpatient Services

**1. Consent to Treatment.** I consent to the procedures which may be performed during this outpatient episode of care, including emergency treatment or services and which may include but are not limited to laboratory procedures, x-ray examination, diagnostic procedures, medical, nursing or surgical treatment or procedures, anesthesia, or hospital services rendered to me as ordered by my physician or other healthcare professional on the hospital's medical staff. I further consent to the hospital conducting blood-borne infectious disease testing, including but not limited to testing for hepatitis, Acquired Immune Deficiency Syndrome (AIDS), and Human Immunodeficiency Virus (HIV), if a physician orders such tests or if ordered by protocol. I understand that the potential side effects and complications of this testing are generally minor and are comparable to the routine collection of blood specimens, including discomfort from the needle stick and/or slight burning, bleeding or soreness at the puncture site. The results of this test will become part of my confidential medical record.

**2. Financial Agreement.** In consideration of the services to be rendered to me, or to the patient for whom I am accepting responsibility, I individually promise to pay the patient's account at the rates stated in the Hospital's price list (known as the "Charge Master") effective on the date the charge is processed for the services provided, which rates are hereby expressly incorporated by reference as the price term of this agreement to pay the patient's account. Some special items will be priced separately if there is no price listed on the Charge Master, or if the charge is listed as zero. An estimate of the anticipated charges for services to be provided to the patient is available upon request from the hospital. Estimates may vary significantly from the final charges based on a variety of factors, including but not limited to the course of treatment, intensity of care, physician practices, and the necessity of providing additional goods and services.

The hospital will provide a medical screening examination as required to all patients who are seeking medical services to determine if there is an emergency medical condition, without regard to the patient's ability to pay. If there is an emergency medical condition, the hospital will provide stabilizing treatment within its capacity. However, patients who do not qualify under the hospital's charity care policy or other applicable policy are not relieved of their obligation to pay for these services.

If supplies and services are provided to a patient who has coverage through a governmental program or through certain private health insurance plans, the hospital may accept a discounted payment for those supplies and services. In this event any payment required from the undersigned will be determined by the terms of the governmental program or private health insurance plan. If the patient is uninsured and not covered by a governmental program, the patient may be eligible to have his or her account discounted or forgiven under the hospital's uninsured discount or charity care programs in effect at the time of treatment. I understand that I may request information about these programs from the hospital.

I also understand that, as a courtesy to me, the hospital may bill my insurance company, but is not obligated to do so. Regardless, I agree that except where prohibited by law, the financial responsibility for the services rendered belongs to me, the undersigned. I agree to pay any services that are not covered and covered charges not paid in full by my insurance company. This includes, but is not limited to, coinsurance, deductibles, non covered benefits due to policy limits or policy exclusions as well as failure to comply with insurance plan requirements. I also agree that if the hospital must initiate collection efforts to recover amounts owed by me, then in addition to amounts incurred for the services rendered I will pay, to the extent permitted by law: (a) any and all costs incurred by hospital in pursuing collection, including, but not limited to, reasonable attorneys' fees, and (b) any court costs or other costs of litigation incurred by the hospital that applicable rule or statutes permit the hospital to recover.

101619884
E000269913
E.RADNM
01/31/2011
ULLMANN,M T.
ULLMANN

GULF COAST MEDICAL CENTER 

**3.  Consent to Wireless Telephone Calls.** If at any time I provide a wireless telephone number at which I may be contacted, I consent to receive calls (including autodialed calls and prerecorded messages) at that wireless number from the hospital, its successors and assigns, and the affiliates, agents and independent contractors, including servicers and collection agents, of each of them regarding the hospitalization, the services rendered, or my related financial obligations.

**4.  Release of Information.** I permit the hospital and the physicians or other health professionals involved in the inpatient or outpatient care to release healthcare information for purposes of treatment, payment or healthcare operations.  Healthcare information regarding a prior admission(s) at other HCA affiliated facilities may be made available to subsequent HCA-affiliated admitting facilities to coordinate patient care for case management purposes. Healthcare information may be released to any person or entity liable for payment on the patient's behalf in order to verify coverage or payment questions, or for any other purpose related to benefit payment.  Healthcare information may also be released to my employer's designee when the services delivered are related to a claim under worker's compensation.  If I am covered by Medicare or Medicaid, I authorize the release of healthcare information to the Social Security Administration or its intermediaries or carriers for payment of a Medicare claim or to the appropriate state agency for payment of a Medicaid claim.  This information may include, without limitation, history and physical, emergency records, laboratory reports, operative reports, physician progress notes, nurse's notes, consultations, psychological and/or psychiatric reports, drug and alcohol treatment and discharge summary.  This consent specifically includes information concerning psychological conditions, psychiatric conditions, intellectual disability conditions, genetic information, chemical dependency conditions and/or infectious diseases including, but not limited to, blood borne diseases, such as Hepatitis, Human Immunodeficiency Virus (HIV) and Acquired Immune Deficiency Syndrome (AIDS).

**5.  Assignment of Benefits.**  In executing this assignment of benefits, I am directing the health insurance carrier or other health benefit plan providing my coverage (including, but not limited to, any employer, employer group or trust sponsored or offered plan) to pay the hospital and/or hospital-based physicians directly for the services the hospital and/or hospital-based physicians provided to the patient during this admission. If the insurance carrier providing my coverage fails to pay the hospital or hospital-based physicians directly, as they are hereby directed to do, I acknowledge that it is my duty and responsibility to immediately pay any such benefits received by me to the hospital or hospital-based physicians.  In return for the services rendered and to be rendered by the hospital and/or hospital-based physicians, I hereby irrevocably assign and transfer to the hospital and/or hospital-based physicians all right, title, and interest in all payments for the healthcare rendered, which are paid pursuant to any and all insurance policies and health benefit plans from which I am entitled to services or I am entitled to recover. I understand that any payment received from these policies and/or plans will be applied to the amount that I have agreed to pay for services rendered during this admission, as further described under section 2.  I further hereby irrevocably assign and transfer to the hospital and/or hospital based physicians an independent right of recovery against the patient's insurer or health benefit plan, but this assignment shall not be construed as an obligation of the hospital and/or hospital based physicians to pursue any such right of recovery.  I acknowledge and understand that I maintain my right of recovery against my insurer or health plan benefit and the foregoing assignment does not divest me of such right. In no event will the hospital and/or hospital-based physicians retain benefits in excess of the amount owed to the hospital and/or hospital based physicians for the care and treatment rendered during the admission. If a third party payer (such as an insurance company or employer group or trust sponsored or offered plan) may be obligated to pay some or all of these charges, I agree to take all actions necessary to assist the hospital and/or hospital based physicians in collecting payment from any such third party payer should the hospital or hospital-based physicians elect to collect such payment. In the event the hospital and/or hospital-based physicians elect to exercise its

101619884
E000269913
E.RADNM
01/31/2011
ULLMANN, M T.
ULLMANN

GULF COAST MEDICAL CENTER    

independent, non-exclusive right of recovery against the patient's insurer or health plans. I hereby appoint the hospital as my authorized representative to pursue, any administrative remedies, claims and/or lawsuits on my behalf and at the hospital's election, against any responsible third party, medical insurer, or employer sponsored medical benefit plan for purposes of collecting any and all hospital benefits due me for the payment of the charges referred to in section 2 above. If the hospital elects to pursue a claim or lawsuit against a third party payer as authorized representative, I agree to execute a special power of attorney, if requested, authorizing the hospital to take all actions necessary or appropriate in pursuit of such claim or lawsuit, including allowing the hospital to bring suit against the third party payer in my name. I agree to pay over to the hospital immediately all sums recovered in any claim or lawsuit brought on my behalf by the hospital (up to the amount of the hospital's charges, plus expenses and attorney's fees). I have read and been given the opportunity to ask questions about this assignment of benefits, and I have signed this document freely and without inducement, other than the rendition of services by the hospital and/or hospital based physicians.

*Hospital-based physicians include but are not limited to: Emergency Department Physicians, Pathologists, Radiologists, and Anesthesiologists, Psychiatrists, Psychologists or other Behavioral Health Providers. These services are rendered by independent contractors and are not part of your hospital bill. These services will be billed for separately by their companies.*

**6.  Medicare Patient Certification and Assignment of Benefit.** I certify that the information I provide in applying for payment under Title XVIII (Medicare) or Title XIX (Medicaid) of the Social Security Act is correct. I request payment of authorized benefits to be made on my behalf to the hospital or hospital-based physician by the Medicare or Medicaid program.

**7.  Outpatient Medicare Patients.** Medicare does not cover prescription drugs except for a few exceptions. According to Medicare regulations, you are responsible for any drugs furnished to you while an outpatient that meet Medicare's definition of a prescription drug. These drugs are also referred to as self-administered drugs, as they are usually self-administered but they may be administered to you by hospital personnel. Medicare requires hospitals to bill Medicare patients or other third party payers for these drugs. Medicare Part D beneficiaries may submit a paper claim to the Medicare Part D Plan for possible reimbursement of these drugs in accordance with Medicare Drug Plan enrollment materials.

**8.  Other Acknowledgements**

   a.  <u>**Additional Provision for Admission of Minors.**</u> I, the undersigned, acknowledge and verify that I am the legal guardian or custodian of the minor/incapacitated patient.

   b.  <u>**Legal Relationship Between Hospital and Physicians.**</u>  **Most or all of the health care professionals performing services in the hospital are independent contractors and are not hospital agents or employees.  Independent contractors are responsible for their own actions and the hospital shall not be liable for the acts or omissions of any such independent contractors.**  I understand that physicians or other health care professionals may be called upon to provide care or services to me or on my behalf, but that I may not actually see, or be examined by, all physicians or health care professionals participating in my care; for example, I may not see physicians providing radiology, pathology, EKG interpretation and anesthesiology services. I understand that, in most instances, there will be a separate charge for professional services rendered by physicians to me or on my behalf and that I will receive a bill for these professional services that is separate from the bill for hospital services.

```
1C1619884
EC00269913        GULF COAST MEDICAL CENTER
E.RADNM
01/31/2011
ULLMANN,M T.
ULLMANN
```


c. **Patient Visitation Rights.** I understand that I have the right to receive the visitors whom I or my support person designates, without regard to my relationship to these visitors. I also have the right to withdraw or deny such consent at any time. I will not be denied visitation privileges on the basis of race, color, national origin, religion, sex, gender identity, sexual orientation or disability. All visitors I designate will enjoy full and equal visitation privileges that are no more restrictive than those that my immediate family members would enjoy. Further, I understand that the hospital may need to place clinically necessary or reasonable restrictions or limitations on my visitors to protect my health and safety in addition to the health and safety of other patients. The hospital will clearly explain the reason for any restrictions or limitations if imposed. If I believe that my visitation rights have been violated, I or my representative has the right to utilize the hospital's complaint resolution system.

I have been given the opportunity to read and ask questions about the information contained in this form as well as this section of the form, and I acknowledge that I either have no questions or that my questions have been answered to my satisfaction.

```
101619884
E000269913        GULF COAST MEDICAL CENTER
E.RADNM
01/31/2011
ULLMANN,M T.
ULLMANN
        Acknowledge: _____ (Initial)
```

**9. Patient Self Determination Act.**
I have been furnished information regarding Advance Directives (such as durable power of attorney for healthcare and living wills). I have also been furnished with written information regarding patient rights and responsibilities and other information related to my stay. Please initial or place a mark next to **one** of the following applicable statements:

| I executed an Advance Directive and have been requested to supply a copy to the hospital | I have not executed an Advance Directive, wish to execute one and have received information on how to execute an Advance Directive | I have not executed an Advance Directive and do not wish to execute one at this time |
| --- | --- | --- |

**10. Notice of Privacy Practices.** I acknowledge that I have received the hospital's Notice of Privacy Practices, which describes the ways in which the hospital may use and disclose my healthcare information for its treatment, payment, healthcare operations and other described and permitted uses and disclosures, I understand that I may contact the hospital Privacy Officer designated on the Notice if I have a question or complaint. To the extent permitted by law, I consent to the use and disclosure of my information for the purposes described in the hospital's Notice of Privacy Practices.

Acknowledge: _____ (Initial)

Date: 1-31-11

Time: 10:23

I, the undersigned, as the patient or legal agent of the patient, hereby certify I have read, and fully and completely understand this Consent for Outpatient Services and Authorization for Medical treatment, and that I have signed this Consent for Outpatient Services and Authorization for Medical Treatment knowingly, freely, voluntarily and agree to be bound by its terms. I have received no promises, assurances, or guarantees from anyone as to the results that may be obtained by any medical treatment or services. This agreement is in effect and applies to care and treatment received during this outpatient episode of care. If insurance coverage is insufficient, denied altogether, or otherwise unavailable, the undersigned agrees to pay all charges not paid by the insurer.

Patient/Authorized Representative Signature:

X _____

If you are not the patient, please identify your Relationship to the patient.
**(Circle or mark relationship(s) from list below):**
Spouse          Parent          Legal Guardian
Neighbor/Friend     Sibling
Healthcare Power of Attorney
Other (please specify): _____

Witness Signature and Title:

X _____

**Additional Witness Signature and Title:**
(required for patients unable to sign without a representative or patients who refuse to sign)

X _____

HCA Florida Consent for Outpatient Service
English 01.18.2011

IN THE CIRCUIT COURT OF THE
FOURTEENTH JUDICIAL CIRCUIT IN
AND FOR BAY COUNTY, FLORIDA.
CIVIL DIVISION.

BAY HOSPITAL, INC., D/B/A GULF
COAST MEDICAL CENTER,
                        Plaintiff,

vs.                                          CASE NO.: 12 - 2370 CA

SANDION, LTD, D/B/A COLDWELL
BANKER   UNITED,   GROUP   &
PENSION ADMINISTRATORS, INC.,
                        Defendant(s).
_____/

**SUMMONS**

THE STATE OF FLORIDA:
To Each Sheriff of the State:

        **YOU ARE COMMANDED** to serve this summons and a copy of the complaint or
petition in this action on defendant(s):

                        Chief Financial Officer,
        As Registered Agent of or for Group & Pension Administrators, Inc.
                        200 E. Gaines Street
                        Tallahassee, FL 32399

        Each defendant is required to serve written defenses to the complaint or petition
on Plaintiff's attorney, i.e., Joseph W. May, Esquire, Florida Bar No.: 0779237, Bacen &
Jordan, P.A., 4801 S. University Dr., Ste. 3100, Davie, Florida 33328-3844, Tel. No.:
(954)961-5544, Fax. No.: (954)986-9751, within 20 days after service of this summons
on that defendant, exclusive of the day of service, and to file the original of the defenses
with the clerk of this court either before service on plaintiff's attorney or immediately
thereafter. If a defendant fails to do so, a default will be entered against that defendant
for the relief demanded in the complaint or petition.

                        DATED on  11 / 27 / 12 .

                        CLERK OF THE COURT

                        CIRCUIT CIVIL DIVISION

                        By: _____
                                    As Deputy Clerk

Joseph W. May, Esquire
Bacen & Jordan, P.A.
4801 S. University Dr., Ste. 3100
Davie, Florida, 33328-3844

_____
ATTORNEY FOR PLAINTIFF

JWM/mat; OFN: 20121106

IN THE CIRCUIT COURT OF THE
FOURTEENTH JUDICIAL CIRCUIT IN
AND FOR BAY COUNTY, FLORIDA.
CIVIL DIVISION.

BAY HOSPITAL, INC., D/B/A GULF
COAST MEDICAL CENTER,
          Plaintiff,

vs.

CASE NO.: 12 - 2370 - CA

SANDION, LTD, D/B/A COLDWELL
BANKER UNITED, and GROUP &
PENSION ADMINISTRATORS, INC.,
          Defendant(s).
_____/

**SUMMONS**

THE STATE OF FLORIDA:
To Each Sheriff of the State:

      **YOU ARE COMMANDED** to serve this summons and a copy of the complaint or petition in this action on defendant(s):

Sandion, Ltd, d/b/a Coldwell Banker United
1215 E. Villa Maria Road
Bryan, TX 77802-2520

      Each defendant is required to serve written defenses to the complaint or petition on Plaintiff's attorney, i.e., Joseph W. May, Esquire, Florida Bar No.: 0779237, Bacen & Jordan, P.A., 4801 S. University Dr., Ste. 3100, Davie, Florida 33328-3844, Tel. No.: (954)961-5544, Fax. No.: (954)986-9751, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

      **DATED** on  11 / 27 / 12 .

CLERK OF THE COURT

CIRCUIT CIVIL DIVISION

By: _____
           As Deputy Clerk

Joseph W. May, Esquire
Bacen & Jordan, P.A.
4801 S. University Dr., Ste. 3100
Davie, Florida, 33328-3844

_____
ATTORNEY FOR PLAINTIFF

JWM/mat; OFN: 20121106