IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

BAY HOSPITAL, INC., D/B/A GULF
COAST MEDICAL CENTER,

      Plaintiff,

vs.

SANDION, LTD., D/B/A COLDWELL
BANKER UNITED, and GROUP &
PENSION ADMINISTRATORS, INC.,

      Defendants.

CASE NO.
5:13-CV-00012-RS-CJK

## DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT WITH PREJUDICE, AND INCORPORATED MEMORANDUM OF LAW

Defendants, Sandion, Ltd. d/b/a Coldwell Banker United ("Sandion" or "Plan") and Group and Pension Administrators, Inc. ("GPA") (collectively "Defendants"), pursuant to Fed.R.Civ.P. 12(b)(6) and the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001, *et seq*., move to dismiss Plaintiff, Bay Hospital, Inc. ("the Hospital")'s Amended Complaint with prejudice, showing this Court as follows:

    **I.**    **INTRODUCTION**

This action arises out of the Hospital's attempts to recover additional payment from an ERISA-governed health benefit plan for services the Hospital provided to a participant in the Plan. The Plan is an employee welfare benefit plan sponsored and maintained by Sandion, within the meaning of § 3(1) of ERISA. GPA administers claims under the Plan.

The Amended Complaint is cast in four counts. In Counts I and III, the Hospital seeks relief against the Plan and GPA, respectively, presumably under 29 U.S.C. §

1132(a)(1)(B), as well as money damages for "breach of fiduciary duty" against both entities. In Count II and IV, the Hospital seeks money damages against the Plan and GPA, respectively, based on promissory estoppel.

This Court should grant Defendants' motion to dismiss the Amended Complaint with prejudice due to the Hospital's failure to exhaust its administrative remedies under ERISA and the Plan. To the extent that this Court entertains the Hospital's action, it still should dismiss all the claims. The failure of Counts I and III to allege what specific provisions Defendants supposedly breached is fatal to the Hospital's claims for relief under 29 U.S.C. § 1132(a)(1)(B). Moreover, the failure of Counts II and IV to allege what specific provisions of the Plan are ambiguous is fatal to the Hospital's claims of promissory estoppel under ERISA. Finally, the breach of fiduciary claims in Counts I and III are impermissibly duplicative of the Hospital's claims for benefits and were not brought on behalf of the Plan; therefore, the Hospital lacks standing to bring the breach of fiduciary duty claims. These pleading failures doom the Hospital's claims as a matter of law.

## II. ALLEGATIONS IN THE AMENDED COMPLAINT AND PROVISIONS OF DOCUMENTS REFERENCED AND INCORPORATED THEREIN

Through his employment with Sandion, the patient at issue received medical expense benefits under a self-funded plan sponsored and maintained by Sandion. (Amended Compl. ¶¶ 4, 18, 25; *see also* the Plan Document, Doc. No. 1-2.) The Plan constituted part of an employee welfare benefit plan governed by ERISA. (Amended Compl. ¶ 4.) GPA administered claims for benefits under the Plan. (*See id.* ¶ 7; Plan Document.)

The Plan provides a formal claims and appeal procedure. (*See* Plan Document, Doc. 1-2, pp. 49-52.) The Plan requires that a participant or beneficiary file a first appeal within 180 days of an adverse benefits decision. (*See id.*, p. 50.) "Upon receipt of the Plan's adverse decision regarding the first appeal, the claimant has 60 days to file a second appeal of the denial of benefits." (*Id.*, p. 51.) The Plan further states that the decision of the claims administrator on review will be "final, binding, and conclusive and will be afforded the maximum deference permitted by law." (*Id.*) The Plan also instructs that "[a]ll claim review procedures provided for in the Plan must be exhausted before any legal action is brought." (*Id.*)

The patient at issue here incurred charges for services provided by the Hospital. (Amended Compl. ¶¶ 9-14.) The Hospital does not have any provider agreements or other contracts with Sandion, GPA, or the Plan. (*Id.* ¶¶ 5, 8.)

The Hospital submitted a claim for benefits under the Plan to GPA based on services it rendered to patient. (*Id.* ¶¶ 26-35, 38-41, 86-92, 96-98.) The Hospital's claim was partially paid and partially denied. (*Id.*) When the partial denial was conveyed to the Hospital, the Hospital was advised of its right to a full and fair review under ERISA, including the Plan's two-tier appeal requirements. (*See* Amended Complaint, at Exh. 5.)

The Hospital alleges that it submitted an initial appeal on May 20, 2011. (Amended Complaint, at Exh. 5.) The Hospital alleges that in response to this appeal it was advised that the difference between the allowed amount and the Hospital's billed charge was still denied, but the Hospital was again advised of the two-step appeal procedure. (*Id.*) The Hospital did not file a second level appeal. (*Id.*)

### III. ARGUMENT

On a motion to dismiss, the Court must limit its inquiry to the facts stated in the Amended Complaint and the documents either attached or incorporated in the complaint. *Day v. Taylor*, 400 F.3d 1272, 1275 (11th Cir. 2005). It likewise must accept the pleaded facts as true, and construe them in the light most favorable to the nonmoving party. *Id.*; Fed. R.Civ. P. 12(b)(6). Under this standard, the Court, in reviewing this motion to dismiss, may consider the Plan Document and letters communicating the partially adverse benefits decision, as they were expressly referenced in the Hospital's Amended Complaint and are central to its claims. *See Day*, 400 F.3d at 1276 ("[A] document need not be physically attached to a pleading to be incorporated by reference into it; if the document's contents are alleged in a complaint and no party questions those contents, we may consider such a document … if that document [as here] is central to the Plaintiff's claims.") (citation omitted).

To survive Defendants' Motion to Dismiss, the Amended Complaint must allege facts that plausibly suggest relief is appropriate. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007). While all factual matters alleged by the non-moving party are accepted as true, mere conclusory allegations are not assumed to be true. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

#### A. **The Hospital's Failure to Exhaust Administrative Remedies under the Plan Is Fatal to Its Claims.**

All claims against Defendants must be dismissed because the Hospital failed to exhaust the Plan's administrative remedies. Before the Hospital may commence a legal action under ERISA, it first must exhaust all administrative remedies under the plan at issue.

*Bickley v. Caremark RX, Inc.*, 461 F.3d 1325, 1328 (11th Cir. 2006); *Counts v. Am. Gen. Life & Accident Ins. Co.,* 111 F.3d 105, 108 (11th Cir. 1997); *Byrd v. McPapers, Inc.*, 961 F.2d 157 (11th Cir. 1992); *Springer v. Wal-Mart Associates' Group Health Plan*, 908 F.2d 897 (11th Cir. 1990); *Merritt v. Confederation Life Ins. Co.*, 881 F.2d 1034 (11th Cir. 1989); *Mason v. Continental Group, Inc.*, 763 F.2d 1219 (11th Cir. 1985). The rationale underlying the doctrine of exhaustion of remedies was set forth by the Court in *Mason*:

> Compelling considerations exist for plaintiffs to exhaust administrative remedies prior to instituting a lawsuit. Administrative claim-resolution procedures reduce the number of frivolous law suits under ERISA, minimize the cost of dispute resolution, enhance the plan's trustees' ability to carry out their fiduciary duties expertly and efficiently by preventing premature judicial intervention in the decision-making process, and allow prior fully considered action by pension plan trustees to assist courts if the dispute is eventually litigated.

763 F.2d at 1227.

The Eleventh Circuit recognizes the exhaustion requirement by requiring the ERISA plaintiff to affirmatively plead the exhaustion of <u>all</u> administrative remedies in the plan. *Variety Children's Hosp. v. Century Med. Health Plan*, 57 F.3d 1040, 1042 (11th Cir. 1995); *Byrd v. McPapers, Inc*., 961 F.2d 157, 160-61 (11th Cir. 1992); *Schwade v. Total Plastics, Inc.,* 837 F. Supp. 2d 1255, 1267 (M.D. Fla. 2011).  In *Variety*, the Eleventh Circuit expressly rejected the plaintiff's "attempt to circumvent [the pleading] requirement by alleging in its Corrected Amended Complaint [as the Hospital did here] that it had complied with 'all conditions precedent.'" *Id.* at 1042 n.2.

In this case, the Plan specifically delineates the two-tiered administrative appeal procedure that claimants must exhaust prior to filing suit. The Hospital alleges that it was advised of the applicable appeal procedure on at least two occasions. (Amended Complaint,

at Exhibit 5.) This notwithstanding, the Hospital failed to plead any facts showing or even plausibly suggesting that the Hospital exhausted both of its administrative appeals as the Plan requires. The Hospital fails to allege that it filed a second appeal, which is required in order to exhaust the Plan's administrative remedies. (*See* Amended Complaint, at Exhibit 5.) Instead, the Hospital alleged that it satisfied all conditions precedent – a conclusory allegation that the Eleventh Circuit in *Variety* specifically rejected as insufficient under ERISA's pleading requirements. *Variety*, 53 F.3d at 1042 & n.2. *Accord Bickley*, 461 F.3d at 1327 (affirming dismissal of ERISA action based on failure to exhaust); *Regency Hosp. Co. of South Atlanta, L.L.C. v. United Healthcare Ins. Co.*, 2006 U.S. Dist. LEXIS 101002, *10 (N.D. Ga. Apr. 4, 2006) ("[R]egardless of whether the Plaintiff failed to file an initial first level formal appeal, the available administrative remedies were not exhausted. The Defendant is entitled to summary judgment.").

The fact that the Hospital alleged that it exhausted the administrative appeal procedure does not change this analysis because Exhibit 5 to the Amended Complaint shows the Hospital did not file a second appeal, which is required to exhaust the Plan's administrative remedies. *See Associated Builders, Inc. v. Alabama Power Co.,* 505 F.2d 97, 100 (5th Cir. 1974) ("If the appended document, to be treated as part of the complaint for all purposes under Rule 10(c), Fed. R. Civ. P., reveals facts which foreclose recovery as a matter of law, dismissal is appropriate."); *Forrest v. Universal Sav. Bank, F.A.*, 507 F.3d 540, 542 (7th Cir. 2007) ("Where an exhibit and the complaint conflict, the exhibit typically controls."). The Plan required the Hospital to exhaust <u>both</u> levels of appeal before filing suit. *See Blaikie v. Rsight, Inc.*, 2011 U.S. Dist. LEXIS 134094, *7-8 (M.D. Fla. Nov. 21, 2011)

(failure to exhaust ERISA plan's second level appeal requirement fatal to plaintiff's claim) (citing, *inter alia*, *Lenoir v. BellSouth Telecommunications, Inc.*, 2006 U.S. Dist. LEXIS 76611 (N.D. Ga. 2006) (failure to comply with Aetna second level appeal requirement resulted in plaintiff's failure to exhaust administrative remedies as condition precedent to ERISA claim); *McPhillips v. Blue Cross Blue Shield of Alabama*, 2010 U.S. Dist. LEXIS 100890 (M.D. Ala. 2010) (plaintiff's failure to follow the administrative appeals process spelled out in the group plan demonstrated a failure to exhaust administrative remedies); *Noren v. Jefferson Pilot Financial Ins. Co.*, 378 Fed. Appx. 696 (9th Cir. 2010) (identifying two-level internal administrative review process required by plan and rejecting bare assertion by plaintiff that a second level appeal would have been futile).

Moreover, the Hospital has not sufficiently alleged futility so as to relieve itself of the exhaustion requirement. *See Blaikie*, 2011 U.S. Dist. LEXIS 134094, at *8 (conclusory allegation of futility insufficient to vitiate failure to exhaust requirement). "Whether to excuse exhaustion on futility grounds rests upon weighing several factors, including: (1) whether plaintiff diligently pursued administrative relief; (2) whether plaintiff acted reasonably in seeking immediate judicial review under the circumstances; (3) existence of a fixed policy denying benefits; (4) failure of the insurance company to comply with its own internal administrative procedures; and (5) testimony of plan administrators that any administrative appeal was futile." *Harrow v. Prudential Ins. Co. of Am.*, 279 F.3d 244, 250 (3d Cir. 2002). While "all factors may not weigh equally," a plaintiff must make "a clear and positive showing of futility." *Id*. at 249, 250 (quotation and citation omitted).

The Hospital failed to allege any of these factors to support any futility of exhaustion. And with good reason: all factors weigh against the Hospital. Not only did the Hospital seek judicial review without appealing to the final administrative decision maker, but also it failed to allege any facts showing: (1) a fixed policy of denying benefits; (2) Defendants' failure to comply with their own internal administrative procedures; or (3) any other evidence that a second level appeal would be futile. Furthermore, the Hospital failed to allege any facts outside of these factors suggesting that a second appeal would have been denied. Therefore, the Hospital's Amended Complaint should be dismissed with prejudice.

### B. The Hospital's Claims on Their Face Fail to State a Cause of Action under ERISA.

Even looking beyond the fatal deficiencies in the Amended Complaint discussed above, the Hospital's four counts must be dismissed because it failed to allege sufficient facts to state entitlement to relief. Counts I and III, which seek benefits under the Plan, must be dismissed because the Hospital does not allege any specific term violated by Defendants. Counts II and IV based on estoppel also must be dismissed because the Hospital failed to allege any specific Plan term was ambiguous. Furthermore, the Hospital's claims for breach of fiduciary duty embedded in Counts I and III are impermissibly duplicative of its claims for benefits and the Hospital lacks standing to bring such claims.

#### 1. Counts I and III Fail to Allege a Violation of Specific Plan Terms.

Had the Hospital exhausted its administrative remedies under the Plan, Counts I and III of the Amended Complaint still would have to be dismissed. In these Counts, the Hospital alleged entitlement to additional benefits because Defendants supposedly breached

the terms of the Plan. But the Hospital does not allege which term(s) of the Plan Defendants allegedly breached.

"[T]he allegations must give the Court some sense of the actual language of the agreements and the degree to which the language provided represents the provisions in the other plans." *Sanctuary Surgical Ctr., Inc. v. Aetna, Inc.*, 2012 U.S. Dist. LEXIS 38819, * 8 (S.D. Fla. Mar. 22, 2012). "Merely stating in conclusory fashion that every agreement required Defendant to pay for Plaintiffs' services is not enough because it does not allow the Court to evaluate for itself the nature of the parties' obligations." *Id.* (granting the defendant's motion to dismiss because the plaintiffs failed to allege particular plan provisions allegedly violated by the defendant).

Therefore, to sufficiently allege a wrongful denial of benefits, the Hospital would have to allege not only that defendants made an improper claims determination according to the terms of the Plan, but also that, in making the determination, the claim administrator(s) exceeded its/their reasonable discretion. *See id.* The Hospital's failure to do so in this case is fatal to its claims.

## 2. Counts II and IV Fail to Allege That Plan Is Ambiguous.

The Eleventh Circuit permits estoppel claims in ERISA only when "(1) the provisions of the plan at issue are ambiguous, and (2) representations are made which constitute an oral interpretation of the ambiguity." *Katz v. Comprehensive Plan of Group Ins.,* 197 F.3d 1084, 1090 (11th Cir. 1999). Thus, a plaintiff cannot state an ERISA estoppel claim merely by pleading that the defendant represented it would pay the hospital's full

charge, then failed to do so. *Id.* The plaintiff must also allege that the representation clarified an ambiguous plan term. *Id.*

Stated simply, an oral representation cannot modify the unambiguous terms of a written plan document. *Id.* Because the Hospital's Amended Complaint does not (because it cannot) allege any ambiguity in the Plan Document, Counts II and IV must be dismissed.

### 3. The Hospital Fails to State a Viable Claim for Breach of Fiduciary Duty under ERISA.

In Counts I and III of the Amended Complaint, the Hospital, without citing to any specific ERISA provision, alleges that it is entitled to additional Plan benefits because Defendants breached their fiduciary duties under ERISA. (Amended Complaint, ¶¶ 43, 101.) Such breach of fiduciary duty claims fail as a matter of law.

#### a. The Hospital May Not State a Breach of Fiduciary Claim under 29 U.S.C. § 1132(a)(2).

Under 29 U.S.C. § 1132(a)(2), an ERISA plan participant may bring suit for appropriate relief under 29 U.S.C. § 1109. That section provides in relevant part:

> Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary. A fiduciary may also be removed for a violation of section 1111 of this title.

29 U.S.C. § 1109(a).

The clear text of 29 U.S.C. § 1109 limits claims to those that inure to the benefit of the plan as a whole rather than to individual beneficiaries. *Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 140-42 (1985); *Matassarin v. Lynch*, 174 F.3d 549, 566 (5th Cir. 1999). Accordingly, plaintiff cannot bring its claim of breach of fiduciary duty under 29 U.S.C. § 1109 unless it can show a loss to the Plan. *Mass. Mut. Life Ins. Co.,* 473 U.S. at 142; *McDonald v. Provident Indem. Life Ins. Co*., 60 F.3d 234, 237 (5th Cir. 1995*); Roth v. Sawyer-Cleator Lumber Co*., 16 F.3d 915, 919-20 (8th Cir. 1994).

The Hospital lacks standing to bring claims under 29 U.S.C. § 1132(a)(2). Nowhere in its Amended Complaint does the Hospital allege that the Plan itself sustained any discernible loss. Instead, it asserts only that the Hospital was denied additional benefits under the Plan. Such pleading failure dooms its claims for breach of fiduciary duty under 29 U.S.C. § 1132(a)(2). *See McDonald*, 60 F.3d at 237 (although failure to disclose information to plan participant was a breach of duty to participant, it had no impact on plan assets and therefore was unsustainable under 29 U.S.C. § 1109); *Total Plan Servs. v. Tex. Retailers Assoc*., 932 F.2d 357, 358 (5th Cir. 1991) (failure to allege loss to the plan subjects breach of fiduciary claim to dismissal).

Equally fatal is the fact that the Hospital's claims were not brought on behalf of the Plan. A claim under section 1132(a)(2) is limited to relief that inures to the benefit of the Plan, not to the benefit of individual participants. The claim must be brought in a representative capacity on behalf of an ERISA plan, to redress loss suffered by the plan. *Russell*, 473 U.S. at 142. Because the Hospital did not bring its claims derivatively on behalf of the Plan, but instead, seeks individualized relief, the claims cannot survive dismissal. *See*

*Matassarin,* 174 F.3d at 565-66; *Adcox v. Teledyne, Inc.*, 21 F.3d 1381, 1390 (6th Cir. 1994).

> b. **Having Asserted a Cognizable Claim for Benefits under 29 U.S.C. § 1132(a)(1)(B), the Hospital Is Foreclosed from Seeking Relief under 29 U.S.C. § 1132(a)(3).**

The Hospital also cannot state a claim for breach of fiduciary duty under 29 U.S.C. § 1132(a)(3). In *Varity Corporation v. Howe*, 516 U.S. 489 (1996), the Supreme Court held that ERISA affords equitable relief to plan participants for injuries caused by violations only for which 29 U.S.C. § 1132(a) does not elsewhere provide an adequate remedy. *Id.* at 514. When ERISA does furnish an adequate remedy, the Court explained, "there will likely be no need for further equitable relief, in which case such relief normally would not be 'appropriate.'" *Id.* at 514.

Since *Howe*, the Eleventh Circuit has limited the applicability of equitable relief under ERISA to plan participants and beneficiaries who are unable to avail themselves of potential remedies authorized by 29 U.S.C. § 1132(a)(1)(B). *See, e.g., Katz v. Comprehensive Plan of Group Ins.,* 197 F.3d 1084, 1089 (11th Cir. 1999) (upholding district court's conclusion "that an ERISA plaintiff with an adequate remedy under § 1132(a)(1)(B), cannot alternatively plead and proceed under § 1132(a)(3)"); *Hembree v. Provident Life & Acc. Ins. Co.,* 127 F. Supp. 2d 1265, 1273 (N.D. Ga. 2000) (holding plaintiff could not seek equitable relief under 29 U.S.C. §1132(a)(3) because he had an available cause of action under § 1132 (a)(a)(B) to redress the denial of benefits); *accord Harrison v. Digital Health Plan*, 183 F.3d 1235, 1237 n. 1 (11th Cir. 1999).

Because the Hospital has pled a claim for benefits under 29 U.S.C. § 1132(a)(1)(B), it is barred from pursuing equitable relief under the remedial provisions of 29 U.S.C. § 1132(a)(3). Accordingly, such breach of fiduciary claims in Counts I and III must be dismissed.

## IV.   CONCLUSION

In accordance with the above-cited authorities, and for the above-stated reasons, Defendants Sandion, Ltd. d/b/a Coldwell Banker United and Group and Pension Administrators, Inc. ask this Court to grant their motion to dismiss the Hospital's Amended Complaint with prejudice, and award them a reasonable attorney fee under 29 U.S.C. § 1132(g) for having to file this motion.

Respectfully submitted this 12th day of February, 2013.

|  |  |
|---|---|
| LEWIS BRISBOIS BISGAARD & SMITH LLP<br>1180 Peachtree Street, Suite 2900<br>Atlanta, GA 30309<br>Telephone: 404-348-8585<br>Facsimile: 404-467-8845 | */s/ Joelle C. Sharman*<br>JOELLE C. SHARMAN<br>Florida Bar No. 0045070<br>jsharman@lbbslaw.com<br><br>*Counsel for Sandion and GPA* |

## CERTIFICATE OF SERVICE

I hereby certify that on February 12, 2013, I electronically filed the foregoing document by using the CM/ECF system.  I certify that the following parties or their counsel of record are registered as ECF Filers and that they will be served by the CM/ECF system:

Joseph W. May
joseph@bacenjordan.com
MaryAnn@bacenjordan.com
Bacen & Jordan, P.A.
4801 S. University Dr., Suite 3100
Davie, FL  33328-3844

*Counsel for Plaintiff.*

This 12th day of February, 2013.

LEWIS BRISBOIS BISGAARD & SMITH LLP
1180 Peachtree Street, Suite 2900
Atlanta, GA 30309
Telephone: 404-348-8585
Facsimile: 404-467-8845

*/s/ Joelle C. Sharman*
JOELLE C. SHARMAN
Florida Bar No. 0045070
jsharman@lbbslaw.com

*Counsel for Sandion and GPA*