IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**BAY HOSPITAL, INC., D/B/A GULF
COAST MEDICAL CENTER,**

    **Plaintiff,**

v.                                              CASE NO.  5:13-cv-12-RS-CJK

**SANDION, LTD., D/B/A COLDWELL
BANKER UNITED, and GROUP &
PENSION ADMINISTRATORS, INC.,**

    **Defendants.**
_____/

## ORDER

Before me are Defendants' Motion to Dismiss Amended Complaint with Prejudice (Doc. 14), Plaintiff's Memorandum of Law in Opposition (Doc. 19), and Defendants' Reply (Doc. 22).

### Standard of Review

To overcome a motion to dismiss, a plaintiff must allege sufficient facts to state a claim for relief that is plausible on its face.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).  Granting a motion to dismiss is appropriate if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint.  *Hishon v. King & Spalding,* 467 U.S. 69, 104 S. Ct. 2229, 2232 (1984).  I must construe all allegations in the

complaint as true and in the light most favorable to the plaintiff. *Shands Teaching Hosp. and Clinics, Inc. v. Beech Street Corp.*, 208 F.3d 1308, 1310 (11th Cir. 2000) (citing *Lowell v. American Cyanamid Co.,* 177 F.3d 1228, 1229 (11th Cir. 1999)).

## Background

Plaintiff, a hospital, performed medical services for a patient covered by an ERISA-governed healthcare plan maintained by Defendant Sandion and administered by Defendant Group & Pension Administrators, Inc. ("GPA"). The patient executed an assignment of benefits in favor of Plaintiff. Following treatment, Plaintiff attempted to recover the billed expenses from GPA, but the claim was initially denied. Plaintiff appealed to GPA, and then a small fraction of the claim was paid to Plaintiff. Plaintiff brought this action against Sandion and GPA alternatively to recover the outstanding portion of the bill.

## Analysis

It is undisputed that plaintiffs in ERISA actions must exhaust administrative remedies before suing in federal court. *Counts v. Am. Gen. Life & Accident Ins. Co.*, 111 F.3d 105, 108 (11th Cir. 1997). However, there are narrow exceptions which would excuse the exhaustion requirement. The Eleventh Circuit recognizes exceptions "only when 'resort to administrative remedies would be futile or the

remedy inadequate,' or where a claimant is denied 'meaningful access' to the administrative review scheme in place." *Perrino v. S. Bell Tel. & Tel. Co.*, 209 F.3d 1309, 1316 (11th Cir. 2000) (quoting *Counts*, 111 F.3d at 108; *Curry v. Contract Fabricators Inc. Profit Sharing Plan*, 891 F.2d 842, 846-47 (11th Cir. 1990)).

The health plan at issue here had a two-tiered administrative appeal procedure. Plaintiff attached to its First Amended Complaint (Doc. 9, ex. 5) ("Complaint") an "account review" which shows the steps taken by Plaintiff to recover its costs from GPA. The entries show that on April 4, 2011, Plaintiff was advised that the claim had been denied "for non notification of service" and that Plaintiff appealed this denial on April 20, 2011. On May 12, 2011, Plaintiff was notified via phone that less than 10% of the claim was allowed "but remaining still denied as exceeding the allowable claim limits." The May 12 entry further indicates that Plaintiff was advised of "appeal rights and process." There are no further visible entries.[1]

Defendants argue that Plaintiff's Complaint must be dismissed for failure to exhaust its administrative remedies because it failed to file a second appeal, as required by the plan. In its Complaint, Plaintiff pled five alternatives: that (i) it

---

[1] ,The exhibit is largely redacted to protect the patient's privacy, and it appears that there may have been entries after the May 12, 2011 entry, but those entries are entirely redacted.

"followed and exhausted all administrative remedies and reasonable claims procedures applicable;" (ii) it "failed to exhaust all administrative remedies because INSURER failed to advise HOSPITAL the claim(s) had been denied;" (iii) "INSURER denied the claim(s) but failed to advise HOSPITAL of any appeal requirement or procedure to comply therewith and HOSPITAL attempted unsuccessfully to obtain such appellate information;" (iv) "INSURER denied the claim(s) and advised HOSPITAL of the appeal requirement and procedure and HOSPITAL attempted to comply with appellate requirements yet INSURER otherwise made it impossible to comply with one or more of the requirements or procedures;" and (v) "any further efforts by HOSPITAL would have been futile." Doc. 9, ¶¶ 36 & 94.

Plaintiff cannot circumvent the exhaustion requirement merely by pleading that it satisfied all conditions precedent or that such conditions were waived or excused. *Variety Children's Hosp., Inc. v. Century Med. Health Plan, Inc.*, 57 F.3d 1040, 1042 n.2 (11th Cir. 1995). However, Plaintiff in this action did not make such bare bones allegations, but rather pled that it had exhausted all claims procedures or failed to do so because of some extenuating circumstance caused by Defendants. Further, Plaintiff alleged that further efforts would have been futile. *See, e.g., Variety,* 57 F.3d at 1042 n.2 (affirming dismissal when plaintiff had plead

neither exhaustion of administrative remedies under the plan nor that exhaustion would have been futile); *Blaikie v. Rsight, Inc.*, No. 8:09-cv-1770-T-26MAP, 2011 WL 5834751, at *2-3 (M.D. Fla. Nov. 21, 2011) (granting summary judgment to insurer because plaintiff failed to file a second –level appeal and did not claim that doing so would have been futile or provide an inadequate remedy or that she was denied meaningful access to the scheme in place).  If, for example, it is true that Plaintiff never received a written explanation of why only a small portion of the claim was paid and an accompanying description of the second-level appeal requirements, as pled and as I must accept as true, dismissal is inappropriate at this stage.[2]  *Curry*, 891 F.2d at 845-47.  If it later comes to light that each of the alternatives pled by Plaintiff is false, Defendants may seek summary judgment at that time.

Plaintiff refers to Counts I and III of the Complaint as the "breach of plan counts."  Doc. 19 at 2.  Plaintiff alleges that either Sandion or GPA "breached the Plan and has acted in contravention of 29 U.S.C. § 1132(a)(1)(b)."  Doc. 9, Complaint, at ¶¶ 42 & 100.  Plaintiff further alleges that either Sandion or GPA "acted in an arbitrary and capricious manner and breached its fiduciary duty to

---

[2] Defendants invite me to conclude that because a second-level appeal is not shown on Plaintiff's account review sheet, it must never have happened.  By this logic, the hospital never received written coverage denials from GPA, because no entries reference them either.  Further, the exhibit is largely redacted to protect the patient's privacy, and it appears that there actually were entries after the May 12, 2011 entry, but those entries are entirely redacted.  Plaintiff has pled that it exhausted all administrative remedies required by the plan, and this exhibit is not clear enough to show that that allegation is patently false.

administer the Plan pursuant to 29 U.S.C. § 1104." *Id.* at ¶¶ 43 & 101. Thus, these counts sound more as four separate counts, two for breach of plan and two for breach of fiduciary duty.

Defendants argue that the breach of plan counts must be dismissed because Plaintiff does not allege which terms of the plan Defendants breached. This contention is without merit because there is no requirement that the specific plan language be pled and, further, the entire plan was attached to the Complaint.

29 U.S.C. § 1109 provides a cause of action for breach of the fiduciary duties outlined in 29 U.S.C. § 1104. Section 1109 provides that "[a]ny person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from each such breach . . . ." This language limits claims for breach of fiduciary duty to those that inure to the benefit of the plan as a whole rather than to individual beneficiaries. *Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 140-42 (1985). Thus, section 1109 cannot be the basis for Plaintiff's claims to collect money for itself. Alternatively, Plaintiff could argue that it is asserting its breach of fiduciary duty claim under 29 U.S.C. § 1132(a)(3), which allows a beneficiary to bring an action "to obtain other appropriate equitable relief" for practices which violate the

subchapter. However, in this circuit equitable relief is available only to beneficiaries who cannot use the remedies available in 29 U.S.C. § 1132(a)(1)(B), which is the section Plaintiff relies on for its breach of plan counts. *Katz v. Comprehensive Plan of Group Ins.*, 197 F.3d 1084, 1089 (11th Cir. 1999). Accordingly, to the extent that they seek relief for breach of fiduciary duties, Counts I and III must be **DISMISSED**. However, Counts I and III remain for the breach of plan allegations.

Counts II and IV are based on promissory estoppel. Defendants argue that the promissory estoppel counts must be dismissed because estoppel claims in ERISA actions are viable only when "(1) the provisions of the plan are ambiguous, and (2) representations are made which constitute an oral interpretation of the ambiguity." *Katz*, 197 F.3d at 1090. Plaintiff acknowledges that it did not plead these elements, but asserts that its promissory estoppel claims are not ERISA-based claims at all, but rather state law claims.

ERISA defensively preempts all state law claims which "relate to" any employee benefit plan governed by ERISA. 29 U.S.C. § 1144(a). State law "relates to" an ERISA plan "if it has a connection with or reference to such a plan." *Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 96-97 (1983). In its Complaint, Plaintiff alleges that Sandion or GPA "provided assurance of payment to [Plaintiff]

consistent with representations of both coverage and benefits available for the admission at issue." Doc. 9, Complaint, at ¶¶ 54 & 112.  There is no indication of whether there was a discussion of the dollar amount or percentage of benefits that Plaintiff would be paid.  Defendants argue that the services were covered, albeit at a substantially reduced rate, and the dispute involves only the amount of payment rather than the existence of coverage.  Thus, Defendants argue, the issue squarely "relates" to the plan.  However, the Eleventh Circuit has specifically stated that

> where an insurer represents to the health care provider that a specific treatment is *fully* covered under the policy and only after lengthy and expensive treatment informs the provider that the policy contains a significant limitation on that coverage . . . the claim for promissory estoppel would be unrelated to the benefits under the plan and would survive the defense of preemption.

*Variety Children's Hosp., Inc.*, 57 F.3d at 1043 n.5 (citing *Lordmann Enterprises, Inc. v. Equicor, Inc.,* 32 F.3d 1529 (11th Cir.1994)).  Thus, Defendants' argument that because this dispute is centered on the amount to be paid under existing coverage rather than the existence of the coverage there can be no promissory estoppel claim is without merit.  At this early stage, without evidence of the substance of the conversations between hospital staff and insurance providers, dismissal of the promissory estoppel counts would be premature.

## Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss Amended Complaint with Prejudice (Doc. 14) is **DENIED**, except that the breach of fiduciary duty claims contained within Counts I and III are **DISMISSED**.

**ORDERED** on April 23, 2013.

/S/ Richard Smoak
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**