IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

BAY HOSPITAL, INC., D/B/A GULF COAST MEDICAL CENTER,

Plaintiff,

vs.

CASE NO. 5:13-CV-00012-RS-CJK

SANDION, LTD., D/B/A COLDWELL BANKER UNITED, and GROUP & PENSION ADMINISTRATORS, INC.,

Defendants.

**DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

Defendants, Sandion, Ltd. d/b/a Coldwell Banker United ("Sandion") and Group & Pension Administrators, Inc. ("GPA") (collectively "Defendants"), respond to the Amended Complaint filed by Plaintiff, Bay Hospital, Inc. d/b/a Gulf Coast Medical Center ("Plaintiff"), as follows.

**General Allegations**

1. Defendants admit that Plaintiff seeks relief under ERISA. Except as so admitted, paragraph 1 is denied.

2. Paragraph 2, upon information and belief, is admitted.

3. Paragraph 3 is admitted.

4. Defendants admit that Sandion sponsors and maintains a self-funded group health plan for the benefit of its eligible employees, and that ERISA, which speaks for itself, governs the plan. Except as so admitted, paragraph 4 is denied.

5. Defendants admit that Plaintiff and Sandion had no contractual relationship. Except as so admitted, paragraph 5 is denied.

6. Paragraph 6 is admitted.

7. Defendants admit that, at all material times, GPA was a third-party administrator for the group health plan sponsored by Sandion and governed by ERISA, which speaks for itself.  Except as so admitted, paragraph 7 is denied.

8. Defendants admit that Plaintiff and GPA had no contractual relationship. Except as so admitted, paragraph 8 is denied.

9. Paragraph 9 is admitted.

10. Defendants admit that the Patient was treated and examined at Plaintiff's facility.  Except as so admitted, paragraph 10 is denied.

11. Paragraph 11 is admitted.

12. Paragraph 12 is admitted.

13. Defendants admit that the Patient was treated on January 31, 2011, and discharged from Plaintiff's facility on January 31, 2011.  Except as so admitted, paragraph 13 is denied.

14. Defendants admit that the Patient incurred a bill as a result of his treatment at Plaintiff's facility, and that Exhibit I speaks for itself.  The remaining allegations in paragraph 14 call for a legal conclusion to which no response is required.  To the extent a response is required, the remaining allegations in paragraph 14 are denied.

15. Paragraph 15 is admitted.

16. Paragraph 16 is denied.

**Count I – Breach of Plan; Denial of Benefits – Insurer**

17. Defendants incorporate in Count I their responses to the paragraphs contained in paragraphs 1 through 16 as if fully restated herein.

18. Defendants admit that, at all relevant times, the Patient was a beneficiary under the ERISA plan sponsored by Sandion. Except as so admitted, paragraph 18 is denied.

19. Paragraph 19 is denied.

20. Defendants admit that the Patient executed an assignment in favor of Plaintiff and that Exhibit II, which speaks for itself, purports to be a copy of the assignment. Except as so admitted, paragraph 20 is denied.

21. Paragraph 21 is denied.

22. Paragraph 22 is denied.

23. Defendants admit that, at all material times, the Patient was a beneficiary under the ERISA plan sponsored by Sandion. Except as so admitted, paragraph 23 is denied.

24. Defendants admit that, at all material times, the Patient was a beneficiary under the ERISA plan sponsored by Sandion. Except as so admitted, paragraph 24 is denied.

25. Defendants admit that, at all material times, the Patient was a beneficiary under the ERISA plan sponsored by Sandion and that Exhibit III speaks for itself. Except as so admitted, paragraph 25 is denied.

26. Defendants admit that Plaintiff provided services and supplies to the Patient. Except as so admitted, paragraph 26 is denied.

27. Defendants admit that the Patient incurred a bill as a result of his treatment at Plaintiff's facility, and that Exhibit III speaks for itself. The remaining allegations in paragraph 27 call for a legal conclusion to which no response is required. To the extent a response is required, the remaining allegations in paragraph 27 are denied.

28. Defendants admit that the Plaintiff submitted to GPA the bill for treatment it provided the Patient at its facility. Except as so admitted, paragraph 28 is denied.

29. Defendants admit that the claim submitted by Plaintiff was for $5,295.00. Except as so admitted, paragraph 29 is denied.

30. Defendants admit that the Plan paid Plaintiff the benefits to which the Patient was entitled under the Plan and provided Plaintiff with an Explanation of Benefits on or around May 9, 2011. For further answer, Defendants pray reference to the Explanation of Benefits. Except as so admitted, paragraph 30 is denied.

31. Defendants admit that Exhibit IV speaks for itself. Except as so admitted, paragraph 31 is denied.

32. Paragraph 32 is denied.

33. Paragraph 33 is denied.

34. Defendants admit that the Plan paid Plaintiff the benefits to which the Patient was entitled under the Plan. Except as so admitted, paragraph 34 is denied.

35. Paragraph 35 is denied.

36. Paragraph 36 is denied.

37. Defendants admit that Exhibit VI speaks for itself, but deny that the Plaintiff complied with the terms and conditions of the plan documents. Except as so admitted, paragraph 37 is denied.

38. Defendants admit that Plaintiff initially submitted to GPA a claim for payment of services that Plaintiff provided to the Patient. Except as so admitted, paragraph 38 is denied.

39. Defendants admit that Plaintiff initially submitted to GPA a claim for payment of services that Plaintiff provided to the Patient. Except as so admitted, paragraph 39 is denied.

40. Paragraph 40 is denied.

41. Paragraph 41 is denied.

42. Paragraph 42 is denied.

43. Paragraph 43 is denied.

44. Defendants admit that Plaintiff is represented by counsel in this action, but deny knowledge or information sufficient to form a belief as to the terms of such representation. Except as so admitted, paragraph 44 is denied.

**Count II – Misrepresentation / Promissory Estoppel – Insurer**

45. Defendants incorporate in Count II their responses to the paragraphs contained in paragraphs 1 through 16 as if fully restated herein.

46. Defendants admit that, at all material times, the Patient was a beneficiary under the ERISA plan sponsored by Sandion. Except as so admitted, paragraph 46 is denied.

47. Paragraph 47 is denied.

48. Defendants admit that, at all material times, the Patient was a beneficiary under the ERISA plan sponsored by Sandion, and that Exhibit III speaks for itself. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation that Patient presented the card attached as Exhibit III at the time of the Patient's admission.  Except as so admitted, paragraph 48 is denied.

49. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49 and, therefore, deny them.

50. Paragraph 50 is denied.

51. Paragraph 51 is denied.

52. Defendants admit that, at all material times, Plaintiff had no contractual relationship with the Plan.  Except as so admitted, paragraph 52 is denied.

53. Paragraph 53 is denied.

54. Paragraph 54 is denied.

55. Paragraph 55 is denied.

56. Paragraph 56 is denied.

57. Paragraph 57 is denied.

58. Defendants admit that, at all material times, the Patient was a beneficiary under the ERISA plan sponsored by Sandion.  Except as so admitted, paragraph 58 is denied.

59. Defendants admit that, at all material times, the Patient was a beneficiary under the ERISA plan sponsored by Sandion.  Except as so admitted, paragraph 59 is denied.

60. Defendants admit that the Patient executed an assignment in favor of Plaintiff and that Exhibit II, which speaks for itself, purports to be a copy of the assignment.  Except as so admitted, paragraph 60 is denied.

61. Defendants admit that Plaintiff submitted to GPA a claim for payment for services that Plaintiff provided to the Patient and that Exhibit I speaks for itself.  Except as so admitted, paragraph 61 is denied.

62. Defendants admit that the claim submitted by Plaintiff was for $5,295.00.  Except as so admitted, paragraph 62 is denied.

63. Defendants admit that the Plan paid Plaintiff the benefits to which the Patient was entitled under the Plan and provided Plaintiff with an Explanation of Benefits on or around May 9, 2011.  For further answer, Defendants pray reference to the Explanation of Benefits.  Except as so admitted, paragraph 63 is denied.

64. Defendants admit that Exhibit IV speaks for itself.  Except as so admitted, paragraph 64 is denied.

65. Paragraph 65 is denied.

66. Paragraph 66 is denied.

67. Defendants admit that Exhibit VI speaks for itself, but deny that the Plaintiff complied with the terms and conditions of the plan documents.  Except as so admitted, paragraph 67 is denied.

68. Defendants admit that Plaintiff initially submitted to GPA a claim for payment of services that Plaintiff provided to the Patient. Except as so admitted, paragraph 68 is denied.

69. Defendants admit that Plaintiff initially submitted to GPA a claim for payment of services that Plaintiff provided to the Patient. Except as so admitted, paragraph 69 is denied.

70. Paragraph 70 is denied.

71. Paragraph 71 is denied.

72. Paragraph 72 is denied.

73. Paragraph 73 is denied.

74. Paragraph 74 and all subparts are denied.

**Count III – Breach of Plan; Denial of Benefits – TPA**

75. Defendants incorporate in Count III their responses to paragraphs 1 through 16 as if fully restated herein.

76. Defendants admit that, at all relevant times, the Patient was a beneficiary under the ERISA plan sponsored by Sandion. Except as so admitted, paragraph 76 is denied.

77. Paragraph 77 is denied.

78. Defendants admit that the Patient executed an assignment in favor of Plaintiff and that Exhibit II, which speaks for itself, purports to be a copy of the assignment. Except as so admitted, paragraph 78 is denied.

79. Paragraph 79 is denied.

80. Paragraph 80 is denied.

81. Defendants admit that, at all material times, the Patient was a beneficiary under the ERISA plan sponsored by Sandion. Except as so admitted, paragraph 81 is denied.

82. Defendants admit that, at all material times, the Patient was a beneficiary under the ERISA plan sponsored by Sandion. Except as so admitted, paragraph 82 is denied.

83. Defendants admit that, at all material times, the Patient was a beneficiary under the ERISA plan sponsored by Sandion and that Exhibit III speaks for itself. Except as so admitted, paragraph 83 is denied.

84. Defendants admit that Plaintiff provided services and supplies to the Patient. Except as so admitted, paragraph 84 is denied.

85. Defendants admit that the Patient incurred a bill as a result of his treatment at Plaintiff's facility, and that Exhibit III speaks for itself. The remaining allegations in paragraph 85 call for a legal conclusion to which no response is required. To the extent a response is required, the remaining allegations in paragraph 85 are denied.

86. Defendants admit that the Plaintiff submitted to GPA the bill for treatment it provided the Patient at its facility. Except as so admitted, paragraph 86 is denied.

87. Defendants admit that the claim submitted by Plaintiff was for $5,295.00. Except as so admitted, paragraph 87 is denied.

88. Defendants admit that the Plan paid Plaintiff the benefits to which the Patient was entitled under the Plan and provided Plaintiff with an Explanation of Benefits on or

around May 9, 2011.  For further answer, Defendants pray reference to the Explanation of Benefits.  Except as so admitted, paragraph 88 is denied.

89. Defendants admit that Exhibit IV speaks for itself.  Except as so admitted, paragraph 89 is denied.

90. Paragraph 90 is denied.

91. Paragraph 91 is denied.

92. Defendants admit that the Plan paid Plaintiff the benefits to which the Patient was entitled under the Plan. Except as so admitted, paragraph 92 is denied.

93. Paragraph 93 is denied.

94. Paragraph 94 is denied.

95. Defendants admit that Exhibit VI speaks for itself, but deny that the Plaintiff complied with the terms and conditions of the plan documents.  Except as so admitted, paragraph 95 is denied.

96. Defendants admit that Plaintiff initially submitted to GPA a claim for payment of services that Plaintiff provided to the Patient.  Except as so admitted, paragraph 96 is denied.

97. Defendants admit that Plaintiff initially submitted to GPA a claim for payment of services that Plaintiff provided to the Patient.  Except as so admitted, paragraph 97 is denied.

98. Paragraph 98 is denied.

99. Paragraph 99 is denied.

100. Paragraph 100 is denied.

101. Paragraph 101 is denied.

102. Defendants admit that Plaintiff is represented by counsel in this action, but deny knowledge or information sufficient to form a belief as to the terms of such representation. Except as so admitted, paragraph 102 is denied.

**Count IV – Misrepresentation / Promissory Estoppel - TPA**

103. Defendants incorporate in Count IV their responses to paragraphs 1 through 16 as if fully restated herein.

104. Defendants admit that, at all material times, the Patient was a beneficiary under the ERISA plan sponsored by Sandion. Except as so admitted, paragraph 104 is denied.

105. Paragraph 105 is denied.

106. Defendants admit that, at all material times, the Patient was a beneficiary under the ERISA plan sponsored by Sandion and that Exhibit III speaks for itself. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation that Patient presented the card attached as Exhibit III at the time of the Patient's admission. Except as so admitted, paragraph 106 is denied.

107. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 107 and, therefore, deny them.

108. Paragraph 108 is denied.

109. Paragraph 109 is denied.

110. Defendants admit that, at all material times, Plaintiff had no contractual relationship with the Plan. Except as so admitted, paragraph 110 is denied.

111. Paragraph 111 is denied.

112. Paragraph 112 is denied.

113. Paragraph 113 is denied.

114. Paragraph 114 is denied.

115. Paragraph 115 is denied.

116. Defendants admit that, at all material times, the Patient was a beneficiary under the ERISA plan sponsored by Sandion. Except as so admitted, paragraph 116 is denied.

117. Defendants admit that, at all material times, the Patient was a beneficiary under the ERISA plan sponsored by Sandion. Except as so admitted, paragraph 117 is denied.

118. Defendants admit that the Patient executed an assignment in favor of Plaintiff and that Exhibit II, which speaks for itself, purports to be a copy of the assignment. Except as so admitted, paragraph 118 is denied.

119. Defendants admit that Plaintiff submitted to GPA a claim for payment for services that Plaintiff provided to the Patient and that Exhibit I speaks for itself. Except as so admitted, paragraph 119 is denied.

120. Defendants admit that the claim submitted by Plaintiff was for $5,295.00. Except as so admitted, paragraph 120 is denied.

121. Defendants admit that the Plan paid Plaintiff the benefits to which the Patient was entitled under the Plan, and provided Plaintiff with an Explanation of

Benefits on or around May 9, 2011.  For further answer, Defendants pray reference to the Explanation of Benefits.  Except as so admitted, paragraph 121 is denied.

122.  Defendants admit that Exhibit IV speaks for itself.  Except as so admitted, paragraph 122 is denied.

123.  Paragraph 123 is denied.

124.  Paragraph 124 is denied.

125.  Defendants admit that Exhibit VI speaks for itself, but deny that the Plaintiff complied with the terms and conditions of the plan documents. Except as so admitted, paragraph 125 is denied.

126.  Defendants admit that Plaintiff initially submitted to GPA a claim for payment of services that Plaintiff provided to the Patient.  Except as so admitted, paragraph 126 is denied.

127.  Defendants admit that Plaintiff initially submitted to GPA a claim for payment of services that Plaintiff provided to the Patient.  Except as so admitted, paragraph 127 is denied.

128.  Paragraph 128 is denied.

129.  Paragraph 129 is denied.

130.  Paragraph 130 is denied.

131.  Paragraph 131 is denied.

132.  Paragraph 132 and all subparts are denied.

133.   All allegations not expressly admitted are herby denied.

First Defense

Insofar as Plaintiff's claims are based on state laws, the claims are completely preempted by the remedial scheme codified in section 502(a) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a), and defensively preempted by ERISA's preemption clause, 29 U.S.C. § 1144.

Second Defense

The Plan's decision on the claim submitted by Plaintiff was neither arbitrary nor capricious, and did not result from an abuse of discretion. Consequently, Plaintiff cannot recover the additional benefits for which it has sued.

Third Defense

Plaintiff's recovery of additional benefits is barred or limited due to its failure to mitigate damages.

Fourth Defense

Plaintiff's claim for attorney fees and costs under section 502(g) of ERISA, 29 U.S.C. § 1132(g), is foreclosed by application of the five-part common law test for such an award.

Sixth Defense

Plaintiff's remedies for the matters alleged in the Amended Complaint are limited to those afforded by ERISA.

Seventh Defense

Plaintiff has failed to state a claim upon which relief can be granted.

Eighth Defense

Plaintiff failed to exhaust administrative remedies under ERISA and the Plan.

Ninth Defense

To the extent that any state law claims alleged by Plaintiff are not preempted by ERISA, which is denied, such claims are barred by the doctrine of laches.

Tenth Defense

To the extent that any state law claims alleged by Plaintiff are not preempted by ERISA, which is denied, such claims are barred by the doctrines of discharge, payment, release, and/or accord and satisfaction.

Eleventh Defense

To the extent that any state law claims alleged by Plaintiff are not preempted by ERISA, which is denied, such claims are barred by the doctrine of unclean hands.

Twelfth Defense

To the extent that any state law claims of estoppel alleged by Plaintiff are not preempted by ERISA, which is denied, such claims are barred because Plaintiff did not rely on any representation made by Defendants.

Thirteenth Defense

To the extent that any state law claims of estoppel alleged by Plaintiff are not preempted by ERISA, which is denied, such claims are barred because Plaintiff's purported reliance on any alleged misrepresentation by Defendants was unreasonable, unjustified, or unsubstantial.

Fourteenth Defense

Plaintiff is prohibited from recovering under any claim, theory or cause of action that was dismissed by the Court's prior Order.

WHEREFORE, having answered and asserted its defenses to Plaintiff's Amended Complaint, defendants Sandion, Ltd. d/b/a Coldwell Banker United and Group & Pension Administrators, Inc. pray that they be henceforth discharged, with all costs and fees taxed against Plaintiff.

Respectfully submitted this 6th day of May, 2013.

*/s/ Joelle C. Sharman*
JOELLE C. SHARMAN
Florida Bar No. 0045070
jsharman@lbbslaw.com

*Counsel for Sandion and GPA*

LEWIS BRISBOIS BISGAARD & SMITH LLP
1180 Peachtree Street, Suite 2900
Atlanta, GA 30309
Telephone: 404-348-8585
Facsimile: 404-467-8845


**CERTIFICATE OF SERVICE**

I hereby certify that on May 6, 2013, I electronically filed the foregoing document by using the CM/ECF system. I certify that the following parties or their counsel of record are registered as ECF Filers and that they will be served by the CM/ECF system:

Joseph W. May
joseph@bacenjordan.com
MaryAnn@bacenjordan.com
Bacen & Jordan, P.A.
4801 S. University Dr., Suite 3100
Davie, FL 33328-3844

*Counsel for Plaintiff.*

This 6th day of May, 2013.

*/s/ Joelle C. Sharman*
JOELLE C. SHARMAN
Florida Bar No. 0045070
jsharman@lbbslaw.com

*Counsel for Sandion and GPA*

LEWIS BRISBOIS BISGAARD & SMITH LLP
1180 Peachtree Street, Suite 2900
Atlanta, GA 30309
Telephone: 404-348-8585
Facsimile: 404-467-8845